IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alex Dewann Taylor, | ) | C/A No.: 1:13-1493-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James Blackwell, Associate Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Alex Dewann Taylor, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of constitutional rights while incarcerated at Lieber Correctional Institution ("LCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Specifically, he alleges that LCI Associate Warden Blackwell ("Defendant") violated his Fourteenth Amendment due process rights during his disciplinary hearing.

This matter is before the court on Defendant's motion for summary judgment [Entry #19]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #20]. The motion having been fully briefed [Entry #29], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendant's motion for

summary judgment.

I.    Factual Background

Plaintiff alleges that on October 3, 2011, while acting as the Disciplinary Hearing Officer ("DHO"), Defendant violated Plaintiff's due process rights during a disciplinary hearing on a charge of exhibitionism/public masturbation. [Entry #1 at 8]. Plaintiff alleges that Defendant refused to allow him to present the cell check log sheet to show that he was not in his cell at the time of the alleged incident. *Id*. Plaintiff was found guilty of the charge and was sanctioned, including the loss of three days' good time credit. *Id*. Plaintiff alleges he was also unable to earn good time credit for the month of the alleged infraction. *Id*. After filing a Step 1 and Step 2 grievance that were both denied, Plaintiff appealed the decision to the Administrative Law Court ("ALC"). *Id*. at 8–9. On April 24, 2013, the ALC found that "SCDC failed to provide [Plaintiff] with procedural due process sufficient to support the disciplinary conviction because the documentary evidence requested by [Plaintiff] was not admitted, without any explanation or justification for its exclusion" and reversed Plaintiff's disciplinary conviction. [Entry #29-1 at 3]. Plaintiff seeks monetary and injunctive relief. *Id*. at 11.

II.    Discussion

A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden,

then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss).

Here, Plaintiff had a meaningful post-deprivation because he could appeal his conviction to the ALC. *See, e.g.*, *Ragan v. Lynch*, 113 F.3d 875 (8th Cir. 1997) (court held that even assuming that procedural errors occurred during the disciplinary hearing as alleged, the administrative reversal of the disciplinary case and restoration of all good-time credits cured any due process violation that had occurred at the initial hearing); *Walker v. Bates*, 23 F.3d 652 (2d Cir. 1994) (the court distinguished between cases in which the denial of good-time credits without due process affected a prisoner's sentence by prolonging detention, and cases in which the error was corrected before the penalty

was served); *Cogdill v. Hurt*, C/A No. 8:08-1037-TLW-BHH, 2009 WL 577873, * 5 (D.S.C. March 5 2009) (citing *Ragan* and finding that there was no violation of due process rights where plaintiff's disciplinary charges were overturned); *Harvey v. Mahon*, C/A No. 7:02-CV-829, 2004 WL 3334794 (W.D.Va. 2004) (citing *Ragan*). Plaintiff successfully appealed his disciplinary conviction to the ALC, which reversed the conviction and sanctions imposed by Defendant.

To the extent Plaintiff complains that he was not able to earn good-time credits, he has not set forth a liberty interest protected by the due process clause. Plaintiff's inability to earn credits does not implicate a liberty interest that arises directly under the Constitution. *See Meachum v. Fano*, 427 U.S. 215, 225–26 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Although prisoners are afforded due process protections when the loss of actual, earned good time credits are at issue, the Supreme Court has afforded no such rights when merely the opportunity to earn such credit is at issue. *Wolff*, 418 U.S. 539. Therefore, because Plaintiff had a meaningful post-deprivation remedy for any deprivation of due process protected by the Constitution, Defendant is entitled to summary judgment.

III.    Conclusion

For the foregoing reasons, the undersigned recommends Defendant's summary judgment motion be granted [Entry #19] and this case be dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 20, 2014                                  Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).